IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| GABRIEL NUNEZ, | : |
| | : |
| Petitioner, | : |
| | : |
| VS. | : |
| | : NO. 5:25-cv-380-TES-CHW |
| UNITED STATES OF AMERICA, | : |
| | : |
| Respondent. | : |

**ORDER**

Petitioner Gabriel Nunez, a federal prisoner in Gilmer Federal Correctional Institution in Glennville, West Virginia, filed a "Petition for Relief from Sentence—Expungement by Error Corum Nobis—All Writs Act." ECF No. 1. He did not pay a filing fee or move to proceed *in forma pauperis*. The Court docketed the petition as a 28 U.S.C. § 2254 petition because Nunez is raising ineffective assistance of counsel claims arising out of four state court criminal convictions in the Superior Court of Henry County. *Id*.

The United States District Court for the Middle District of Georgia sentenced Nunez to 84 months imprisonment to be served consecutively to the sentence imposed in the Superior Court of Henry County, docket numbers 2023-SU-CR-219, 2023-SU-CR-234, 2023-SU-CR-331, and 2023-SU-CR-332.[1] *Id*. at 1; See Judgment, *United States v. Nunez*, 5:22-cr-18-CAR-CHW-1, (M.D. Ga. June 18, 2024), ECF No. 62. In the current petition, Nunez argues that counsel in his state court criminal actions was ineffective for allowing him to enter a guilty plea and be sentenced in the Superior Court of Henry County before he entered his guilty plea in this Court. ECF No. 1

---

[1] It is unclear what sentences were imposed in the Superior Court of Henry County, docket numbers 2023-SU-CR-219, 2023-SU-CR-234, 2023-SU-CR-331, and 2023-SU-CR-332.

at 2. According to Nunez, had he not entered a guilty plea and been sentenced in his state criminal cases prior to entering his guilty plea in federal court, his criminal history points in this Court would have been zero. *Id*. He, therefore, would have received a sentence of 54 months imprisonment, versus the 84 months he is currently serving in federal prison. *Id*. Nunez makes various ineffective assistance claims[2] and seeks to have his state sentence vacated. *Id*. at 2, 3, 5.

It is unclear exactly what type of civil action Nunez seeks to file. To the extent that he seeks to have this Court issue some type of mandamus ordering that his state sentence be vacated, this Court does not "have . . . jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought." *Bailey v. Silberman*, 226 F. App'x 922, 924 (11th Cir. 2007) (per curiam) (citing *Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973)).

Nunez may file a 28 U.S.C. § 2254 action attacking his state court convictions. He should, however, take several factors into consideration before doing so. First, the federal courts will not have jurisdiction if Nunez is not "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). In other words, if Nunez's state court sentences have fully expired, he may not currently be in state custody, which is a jurisdictional requirement for a § 2254 petition. *Diaz v. State of Fla. Fourth Judicial Cir. ex rel. Duval Cnty.*, 683 F.3d 1261, 1264 (11th Cir. 2012). The status of Nunez's state sentences is less than clear on the Georgia Department of Corrections' website. *See* https://services.gdc.ga.gov/GDC/OffenderQuery/jsp/OffQryRedirector.jsp

---

[2] Nunez argues that his state court counsel was ineffective for (1) failing to "minimize his sentence by seeking a continuance until after [f]ederal [s]entencing . . ."; (2) failing to "investigate the effects [of his guilty plea in the Superior Court of Henry County] on his [f]ederal [s]entence . . ."; (3) "misadvi[sing] [him] at sentencing. . ."; (4) "fail[ing] to object"; (5)"fail[ing] to communicate with [f]ederal [c]ounsel"; (6) "fail[ing] to seek 'joinder' to [f]ederal indictment"; and (7) "[f]ail[ing] to p[u]rsue mitigating factors." ECF No. 1 at 2, 3, 5.

[https://perma.cc/4VCZ-MFJA] (showing Nunez's "current status" in the Georgia Department of Corrections is "inactive," but the "maximum release date," shows he is "currently serving") (last visited Oct. 30, 2025).

Second, Nunez should also be aware that the characterization of his "Petition for Relief from Sentence—Expungement by Error Corum Nobis—All Writs Act" as a 28 U.S.C. § 2254 petition may have serious consequences upon his future rights. Generally, the filing of a first 28 U.S.C. § 2254 petition may subject any subsequent petition attacking his state conviction or sentence to the restrictive conditions that federal law imposes upon second or successive habeas petitions. *See* 28 U.S.C. § 2244(b); *Castro v. United States*, 540 U.S. 375, 382–83 (2003).

Third, to any extent that Nunez is arguing in the current action that counsel in his federal criminal proceeding (as opposed to state criminal proceeding) provided ineffective assistance, he must make that argument in his pending 28 U.S.C. § 2255 motion to vacate. *See* Motion to Vacate under 28 U.S.C. § 2255, *United States v. Nunez*, 5:22-cr-18-CAR-CHW-1 (M.D. Ga. Feb. 10, 2025), ECF No. 76.

If after taking this information into consideration, Nunez wants to file a 28 U.S.C. § 2254 petition, he must complete the required form in full. He must also pay the $5.00 filing fee or move to proceed *in forma pauperis*.

Thus, it is **ORDERED** that Nunez inform the Court how he wishes to proceed. If he wishes to file a 28 U.S.C. 2254 petition, it is **ORDERED** that he complete the enclosed petition in full and either pay the $5.00 filing fee or move to proceed *in forma pauperis*.[3] Any motion to proceed

---

[3] If Nunez does proceed with a 28 U.S.C. § 2254 petition, this Court will transfer the action to the United States District Court for the Northern District of Georgia, because Nunez was convicted in the Superior Court of Henry County, which is in the Northern District.

*in forma pauperis* in a 28 U.S.C. § 2254 action must include a current "certificate from the warden or other appropriate officer . . . showing the amount of money . . . that the [P]etitioner has in any account in the institution." Habeas Corpus R. 3.

It is **ORDERED** that Nunez has **FOURTEEN (14) DAYS** from the date of this Order to comply. Should he fail to do so, his action will be dismissed. The Clerk of Court is **DIRECTED** to forward the appropriate 28 U.S.C. § 2254 petition and *in forma pauperis* forms (with the civil action number written on them) to Nunez along with a copy of this Order.

**SO ORDERED and DIRECTED**, this 5th day of November, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge