IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **GABRIEL NUNEZ,** | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:25-cv-380-TES-CHW |
| VS. | : | |
| | : | |
| **UNITED STATES,** | : | |
| | : | |
| Respondent. | : | |
| | : | |

### ORDER

Petitioner Gabriel Nunez, a federal prisoner in Gilmer Federal Correctional Institution in Glennville, West Virginia, filed a "Petition for Relief from Sentence—Expungement by Error Corum Nobis—All Writs Act." ECF No. 1. Because Nunez has not paid the filing fee, the Court assumes he wishes to proceed *in forma pauperis* and will allow him to do so for purposes of this dismissal alone. This action is **DISMISSED** for lack of jurisdiction.

The United States District Court for the Middle District of Georgia sentenced Nunez to 84 months imprisonment to be served consecutively to the sentences imposed in the Superior Court of Henry County, docket numbers 2023-SU-CR-219, 2023-SU-CR-234, 2023-SU-CR-331, and 2023-SU-CR-332.[1] *Id*. at 1; See Judgment, *United States v. Nunez*, 5:22-cr-18-CAR-CHW-1 (M.D. Ga. June 18, 2024), Dkt. No. 62. In the current petition, Nunez's basic argument is that counsel in his state court criminal actions should not have advised or allowed him to enter guilty pleas in state court before he entered his guilty plea in this Court. ECF

---

[1] It is unclear what sentences were imposed in the Superior Court of Henry County.

No. 1 at 2. According to Nunez, had he not pleaded guilty and been sentenced in state court prior to entering his guilty plea in federal court, his criminal history points in this Court would have been zero. *Id*. He, therefore, would have received a sentence of 54 months imprisonment, versus the 84 months he is currently serving in federal prison.[2] *Id*. He seeks to have his state convictions[3] vacated. *Id*. at 2, 3, 5.

"Federal courts have authority to issue a writ of error coram nobis under the All Writs Act, 28 U.S.C. § 1651(a)." *United States v. Mills*, 221 F.3d 1201, 1203 (11th Cir. 2000). The All Writs Act, however, is "not a source of subject matter jurisdiction." *United States v. Denedo*, 556 U.S. 904, 913 (2009) (citation omitted). "[C]oram nobis is not available in federal court as a means of attack on a state criminal judgment." *Theriault v. Mississippi*, 390 F.2d 657, 657 (5th Cir. 1968) (per curiam); *Llovera v. Florida*, 576 F. App'x 894, 896-97 (11th Cir. 2014) (per curiam) (first citing *Theriault*, 390 F.2d at 657; and then citing *Cavett v. Ellis*, 578 F.2d 567, 569 n.4 (5th Cir. 1978))[4]; *Jenkins v. Att'y Gen.*, No. 23-12794, 2024 WL 2860045, at *3 (11th Cir. June 6, 2024) (stating that district court did not have jurisdiction to

---

[2] Specifically, Nunez argues that his state court counsel was ineffective for (1) failing to "minimize his sentence by seeking a continuance until after [f]ederal [s]entencing . . ."; (2) failing to "investigate the effects [of his guilty plea in the Superior Court of Henry County] on his [f]ederal [s]entence . . ."; (3) "misadvi[sing] [him] at sentencing. . ."; (4) "fail[ing] to object"; (5) "fail[ing] to communicate with [f]ederal [c]ounsel"; (6) "fail[ing] to seek 'joinder' to [f]ederal indictment"; and (7) "[f]ail[ing] to p[u]rsue mitigating factors." ECF No. 1 at 2, 3, 5.

[3] In response to the Court's inquiry questioning the exact nature of Nunez's action, Nunez clarified that he is attacking his state court convictions in "Coram Nobis proceedings." ECF No. 4 at 1. Nunez states he is not currently in custody pursuant to the state court's judgment and he cannot, therefore, file a 28 U.S.C. § 2254 petition. *Id*. As the Court previously explained to Nunez (ECF No. 3 at 3-4), to any extent that he argues counsel in his federal criminal proceedings (as opposed to state criminal proceedings) provided ineffective assistance, he must make raise those arguments or claims in his pending 28 U.S.C. § 2255 motion to vacate. *See* Motion to Vacate under 28 U.S.C. § 2255, *United States v. Nunez*, 5:22-cr-18-CAR-CHW-1 (M.D. Ga. Feb. 10, 2025), ECF No. 76.

[4] The decisions of the former Fifth Circuit handed down before October 1, 1981 are binding on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

consider petitioner's coram nobis petition because he was attacking his state court conviction).

Because Nunez may not use a writ of error coram nobis to attack his state court convictions, it is **ORDERED** that Petitioner's action is **DISMISSED** for lack of jurisdiction.

**SO ORDERED** this 16th day of December, 2025.

*S/* Tilman E. Self, III
**TILMAN E. SELF, III**
**UNITED STATES DISTRICT JUDGE**